## Case No. 11,873.

ROACH v. BURGESS.

[4 Cranch, C. C. 449.] [1]

Circuit Court, District of Columbia. March Term, 1834.

SET-OFF—REPLEVIN—RENT.

There can be no set-off against avowry for rent.

Replevin. Issue upon the plea of nothing in arrear.

The premises belonged to Burgess in common with the other heirs of Crawford. The demise to the plaintiff was by Burgess alone. The plaintiff offered to prove accounts for money paid to some of the other heirs, as payments on account of rent.

Mr. Marbury, for defendant, objected; and contended that there can be no set-off for avowry for rent; and if there could be, it is not pleaded, and no notice has been given. It cannot be given in evidence as payment, unless agreed to be received as payment; and there is no evidence of such an agreement. 4 Starkie, 1312; Sapsford v. Fletcher, 4 Term R. 512; Prior v. Jacocks, 1 Johns. Cas. 169.

R. P. Dunlop, contra. The defendant has admitted similar accounts in payment. That is sufficient evidence to be left to the jury, as evidence of such an agreement.

Mr. Coxe, in reply. The plaintiff has suits now depending in this court (Nos. 117, 118, 119) for these very items. The only witness who proves the items which were admitted by Burgess says that he does not know of any

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 1 Wall. (68 U. S.) 269.]
20 FED. CAS.—54

[1] [Reported by Hon. William Cranch, Chief Judge.]

agreement to admit the others. No such items are charged by Burgess to the other heirs.

THE COURT (CRANCH, Chief Judge, doubting) refused to admit the subsequent payments made by the plaintiff to the other heirs.

CRANCH, Chief Judge, was of opinion that the allowance by Mr. Burgess of similar payments to other heirs, was evidence, admissible to the jury, that Burgess had agreed to allow these.

But THRUSTON, Circuit Judge, thinking the evidence was not sufficient to be left to the jury (and there was no other evidence of such an agreement), the evidence of the payment to the other heirs was not submitted to the jury.

Verdict for defendant.